**AMERICAN MFG. CO. v. VERPLEX CO.**

**No. 145, Docket 21496.**

United States Court of Appeals
Second Circuit.

Argued Feb. 2, 1950.

Decided March 27, 1950.

Thompson, Weir & McDonald, Curtiss K. Thompson, New Haven, Conn., A. Yates Dowell, Washington, D.C., for appellant.

Herman Seid, New York City, Rockwell & Bartholow, New Haven, Conn., for appellee.

Before L. HAND, Chief Judge, and SWAN and CHASE, Circuit Judges.

SWAN, Circuit Judge.

This is an infringement suit based on Patent No. 2,338,968 issued on January 11, 1944 to the plaintiff as assignee of Harry C. Robinson and Thomas F. Challis upon an application filed August 1, 1940. Claims 1 to 5 are the claims relied on. The district court held the claims in suit invalid by reason of a prior use by United Steel and Wire Company and for lack of patentable invention.

The patent relates to a display stand of the knock-down type" which is made of wire and sheet metal parts that can be assembled without bolts and nuts or the use of tools. It consists of two upright side frames of wire or rod stock to which are welded metal tongues for frictional engagement within the flanged edges of sheet metal panels that serve to connect the side frames with each other. The metal tongues are shown as made of sheet metal in Figure 2 of the patent drawings, or as looped wire rods in Figure 4, or as parallel wire rods in Figure 5. Wire shelves constructed to hook over cross pieces on the side frames serve as racks on which merchandise may be displayed and also hold the side frames from disengagement with the connecting panels, thus giving additional sturdiness to the assembled stand and insurance against its undesired collapse.

■■■ The district court found that the invention, if any, disclosed in the patent was reduced to practice by the plaintiff about December 5, 1938 when it submitted a handmade model, as a proposed sample, to Canada Dry Ginger Ale, Inc., but that an earlier use of the claimed invention was made by United Steel and Wire Company which submitted a proposed sample stand to Canada Dry in early October 1938. This was a sheet metal stand without bolts or nuts, which the Canada Dry Company had suggested should, if possible, be omitted. Three witnesses testified as to the sample display stand submitted by United Steel and Wire. The appellant contends that the evidence as to this prior use falls short of establishing it with the requisite degree of certainty which this court has said "must be as absolute as in a criminal conviction."[1] Whether that doctrine has been

1. See Block v. Nathan Anklet Support Co., 2 Cir., 9 F.2d 311, 313; The Barbed Wire Patent (Washburn & Moen Mfg. Co. v. Beat 'Em All Barbed-Wire Co.), 143 U.S. 275, 284, 12 S.Ct. 443, 36 L.Ed. 154.

weakened by the increasing hostility to patents in recent years, we need not stop to consider. Even if the test still remains as strict as formerly, we think that it is satisfied by the letter of December 9, 1938 from Schmidt to Carpenter. That letter plainly shows that two months before its date, United Steel and Wire had submitted to Canada Dry a sample stand which "entirely eliminates bolts and nuts." It stated further that a competing bidder had submitted a sample made entirely of wire and that Canada Dry apparently preferred wire to sheet metal. But there is nothing in the claims in suit which requires the use of wire rather than sheet metal. Indeed, Figure 2 shows a sheet metal tongue as interchangeable with the wire tongue of Figures 4 and 5. Certainly there was no patentable distinction in making the stand out of wire rather than sheet metal. In the light of Schmidt's letter, which gives written corroboration to the testimony of defendant's witnesses, there is no reason to doubt that before December 5, 1938 United Steel and Wire had devised and reduced to practice a display stand made of sheet metal without nuts and bolts. That left nothing for the patentees to invent except the hanging of trays on the crosspieces. Obviously, if the trays were not to be bolted, they had to hang on hooks. The addition of the trays is wholly insufficient to support invention.

■ Appellant urges that the issue of priority between it and United Steel and Wire was decided adversely to the latter in a Patent Office interference. However, the undisputed testimony of Mr. Carpenter shows that there was no adjudication of priority on the merits. Instead, a settlement was agreed upon by which United Steel and Wire agreed to withdraw its pending application in return for a royalty-free license from the appellant to manufacture for Canada Dry. There was no adjudication of priority after a contest and no concession of priority. Even if there had been a concession, followed by an award, the lack of a hearing and the fact that a license agreement followed would at best render dubious the claim that the award created a presumption of validity.

Himmel Bros Co. v. Serrick Corp., 7 Cir., 122 F.2d 740, 745–746. But here the controversy was settled between the parties by negotiation. Under such circumstances, the mere existence of the interference gives no aid to appellant's case. Julius Kayser & Co. v. Rosedale Knitting Co., 3 Cir., 98 F.2d 839, 840, certiorari denied 305 U.S. 649, 59 S.Ct. 230, 83 L.Ed. 419.

Since the fact of prior use invalidates the patent, it is unnecessary to discuss the other ground of invalidity taken by the district judge: lack of invention in view of the prior art patents. It will suffice to say that on this point also we agree with him.

Judgment affirmed.